# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ALESTA LOUISE BLACKFORD and<br>WINDY COLLEEN BLACKFORD,<br><br>         Plaintiffs,<br><br>vs.<br><br>CITY OF GLADSTONE, MISSOURI and<br>MID-MISSOURI SECURITY<br>HOUSING, INC.,<br><br>         Defendants. | No. 05-00126-CV-W-FJG |

### Order Approving Wrongful Death Settlement

Now on this 22nd day of November, 2005, the Court takes up for consideration Plaintiffs' Application for Approval of Wrongful Death Settlement (Doc. #18). Plaintiffs Alesta Louise Schueddig, a minor, and Wendy Colleen Schueddig, a minor, appear by and through their Next Friend, Sherri L. Edwards. Ms. Edwards appears in person and by her attorney Thomas E. Hankins. Defendant City of Gladstone, Missouri appears through its attorney David Baker and Defendant Mid-Missouri Security Housing, Inc. appears through its attorney Thomas J. Koehler. Also present are Thomas Schueddig, who is Alesta and Wendy's father, and Jennifer Schueddig, who is Alesta and Wendy's mother.

The parties state to the Court that they are ready to proceed on Plaintiffs' Application for Approval of Wrongful Death Settlement. Evidence is heard and, based thereon, the Court finds as follows:

    1.    Plaintiff Alesta Louise Schueddig is a female minor child, having been born on March 3, 2000.

    2.    Plaintiff Alesta Louise Schueddig was the biological child of Ashley Milne

(who died on January 28, 2005) and David Blackford.

3. Plaintiff Wendy Colleen Schueddig is a female minor child, having been born on September 27, 2001.

4. Plaintiff Wendy Colleen Schueddig was the biological child of Ashley Milne (who died on January 28, 2005) and David Blackford.

5. Ashley Milne, who resided at 1812 N.E. 32nd Terrace, Kansas City, Missouri 64116, died on January 28, 2005 and is survived by the follow persons:

| **Name and Address** | **Relationship to Ashley Milne** |
|---|---|
| Alesta Louise Schueddig<br>6405 N. Central<br>Gladstone, Missouri 64118 | Daughter |
| Wendy Colleen Schueddig<br>6405 N. Central<br>Gladstone, Missouri 64118 | Daughter |
| Dean Herschell Milne<br>P. O. Box 1535<br>Ozark, Missouri 65721 | Father |

6. At the time of her death, Ashley Milne was not married and had no children other than Alesta and Wendy.

7. Ashley Milne's mother died when Ashley was an infant.

8. Defendant Gladstone, Missouri is a municipal corporation, organized and existing under the laws of the State of Missouri.

9. Defendant Mid-Missouri Security Housing, Inc. is a for-profit, private corporation, organized and existing under the laws of the State of Missouri, authorized to do business in and in fact doing business in the State of Missouri.

10. On or about February 9, 2005, Plaintiffs filed with the United States District Court for the Western District of Missouri a Complaint against Defendants, wherein

Plaintiffs alleged that Ashley Milne's death was caused by the wrongful conduct of Defendants. The case was assigned Case No. 05-CV-126-FJG and a true and accurate copy of the Complaint is attached as "Exhibit A" to Plaintiffs' Petition for Approval of Wrongful Death Settlement.

11. Defendants denied (and continue to deny) that they engaged in any wrongful conduct and further denied (and continue to deny) that any act or omission on their part caused or contributed to cause Ashley Milne's death.

12. As part of the Early Assessment Program in federal court, on Thursday, September 22, 2005, the parties met with Kent Snapp, the Early Assessment Administrator, and settled the case on the following terms:

 (a) Defendant Mid-Missouri Security Housing, Inc. would pay the sum of $90,000.00; and

 (b) Defendant City of Gladstone, Missouri would pay the sum of $25,000.00; and

 (c) Each party would pay its own court costs.

13. R.S. Mo. Sec. 537.095 provides:

 1. Except as provided in subsection 2 of this section, if two or more persons are entitled to sue for and recover damages as herein allowed, then any one or more of them may compromise or settle the claim for damages with approval of any circuit court, or may maintain such suit and recover such damages without joinder therein by any other person, provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080. Any settlement or recovery by suit shall be for the use and benefit of those who sue or join, or who are entitled to sue or join, and of whom the court has actual written notice.

 2. When any settlement is made, or recovery had, by any

plaintiff ad litem, the persons entitled to share in the proceeds thereof shall be determined according to the laws of descent, and any settlement or recovery by such plaintiff ad litem shall likewise be distributed according to the laws of descent unless special circumstances indicate that such a distribution would be inequitable, in which case the court shall apportion the settlement or recovery in proportion to the losses suffered by each person or party entitled to share in the proceeds and, provided, that any person entitled to share in the proceeds shall have the right to intervene at any time before any judgment is entered or settlement approved under this section.

3. In any action for damages under section 537.080, the trier of the facts shall state the total damages found, or upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court.

4. The court shall order the claimant:

   (1) To collect and receipt for the payment of the judgment;

   (2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted, or if there is no contract, or if the party sharing in the proceeds has no attorney representing him before the rendition of any judgment or settlement, then the court may award the attorney who represents the original plaintiff such fee for his services, from such persons sharing in the proceeds, as the court deems fair and equitable under the circumstances;

   (3) To acknowledge satisfaction in whole or in part

4

>    for the judgment and costs;
>
> (4) To distribute the net proceeds as ordered by the court; and
>
> (5) To report and account therefor to the court. In its discretion the court may require the claimant to give bond for the collection and distribution.

14. As required by R.S. Mo. Sec. 537.095, Thomas E. Hankins, attorney for Plaintiffs, "has diligently attempted to notify all parties having a cause of action under section 537.080" and, in fact, all such parties have arrived at an agreement as to the disposition of the net proceeds of the settlement. The court has received into evidence and reviewed Dean Milne's October 14, 2005, letter to Thomas Hankins, with the bill from Park Lawn Funeral Home attached, and the Stipulation Regarding Division and Distribution of Net Proceeds of Wrongful Death Settlement signed by Sherri L. Edwards on behalf of Alesta Louise Schueddig and Wendy Colleen Schueddig and by Dean Milne.

15. The law firm of Hankins & Conklin, P.C. and the law offices of Steven R. Fuller were retained for purposes of prosecuting a wrongful death lawsuit arising out of Ashley Milne's death on the terms and conditions set forth in the Attorney Fee Contract in Damage Suit, a copy of which was received into evidence and reviewed by the Court.

16. Pursuant to the terms of said Attorney Fee Contract, the division and distribution of the aforesaid settlement proceeds are to be divided as follows:

**Gross Settlement**                                                    **$115,000.00**

Less Litigation Expenses:

| Date | Description | Amount |
|---|---|---|
| 02/09/05 | U.S. District Clerk, filing fee | 250.00 |
| 02/09/05 | Mileage to Federal Court | 7.40 |
| 05/04/05 | Bureau of Vital Records (Certificate of | |

| Date | Description | Amount | |
|---|---|---|---|
| | Death of Ashley Milne) | 13.00 | |
| 05/13/05 | Mileage to Federal Court | 7.40 | |
| 05/13/05 | Parking, Federal Court | 3.00 | |
| 06/02/05 | Mileage to David Baker's office | 18.50 | |
| 06/27/05 | Photocopies: 150 @ $.15 | 22.50 | |
| 08/09/05 | Mileage to Dr. Bonita Peterson's depo and to and from David Blackford's home | 15.54 | |
| 08/11/05 | Mileage to serve subpoenas | 18.75 | |
| 08/15/05 | Bonita J. Peterson, M.D., depo time | 500.00 | |
| 08/17/05 | Action Court Reporters, Dr. Peterson depo | 222.50 | |
| 08/24/05 | Action Court Reporters, David Blackford depo | 291.00 | |
| 09/01/05 | Tri-County Mental Health Services, records | 41.45 | |
| 09/02/05 | Photocopies (57 x 3 = 171 @ 15¢) | 25.65 | |
| 09/02/05 | Postage (2.44 x 2) | 4.88 | |
| 09/06/05 | Jonathan L. Arden, M.D., medical consultation | 450.00 | |
| 09/06/05 | Photocopies (51 x 3 = 153 @ 15¢) | 22.95 | |
| 09/06/05 | Copies F.Y.I., Inc., John Campobasso, D.O. | 43.34 | |
| 09/22/05 | Mileage to Federal Court | 7.40 | |
| 05/13/05 | Parking, Federal Court | 1.50 | |
| -- | Clay County Circuit Court, Friendly Suit, Minors' Settlement | 100.00 | |
| -- | Clay County Probate Court, Conservatorship for Alesta Louise Schueddig | 105.00 | |
| -- | Clay County Probate Court, Conservatorship for Wendy Colleen Schueddig | 105.00 | |
| -- | Sherri Edwards' fee for services as Next Friend in federal litigation and in State court | 1,050.00 | |
| | | 3,326.76 | ( 3,326.76) |

**Adjusted Gross Settlement**     111,673.24

**Less Attorneys' Fee (40% of Adjusted Gross)**     ( 44,669.29)

**Net Settlement**     67,003.95

17. Pursuant to the aforesaid Stipulation, the three claimants to the net settlement proceeds of $67,003.95 have agreed to recommend to the Court that said $67,003.95 be divided and distributed as follows:

      a. To the Conservator of the Estate of Alesta Louise Schueddig, a minor:     32,867.97

      b. To the Conservator of the

|  |  | Estate of Wendy Colleen Schueddig, a minor: | 32,867.98 |
|  | c. | To Dean Milne, as reimbursement for his payment of bill from Park Lawn Funeral Home: | 1,268.00 |

18. The Court finds that the division and distribution of the net settlement proceeds, set forth in the preceding paragraph, is fair and just.

Accordingly for good cause appearing, it is hereby

**Ordered, Adjudged,** and **Decreed** as follows:

(a) the aforesaid settlement of the aforesaid wrongful death claim is hereby approved;

(b) pursuant to R.S. Mo. Sec. 537.095, Sherri L. Edwards, the Next Friend for the minor Plaintiffs, is directed to:

(1) Collect and receipt for the payment of the aforesaid $115,000.00 settlement;

(2) Deduct and pay to Hankins & Conklin, P.C. the sum of $3,326.76 as and for expense reimbursement;

(3) Deduct and pay to Hankins & Conklin, P.C. the sum of $44,669.29 as and for attorney fees;

(4) Acknowledge satisfaction in whole for the judgment and costs;

(5) Sign all such Releases as may be reasonably required of her by Defendants (or either Defendant), wherein Plaintiffs, and all persons claiming through them or who might claim through them, release and forever discharge Defendants, their employees, successors, agents, servants, and all other persons, firms and corporations whomsoever, of and from any and all liability, actions, claims, and demands whatsoever, which Plaintiffs have or may hereafter have on account of or arising out of the death of Ashley Milne;

(6) Distribute the net proceeds of $67,003.95 as follows:

a. To the Conservator of the
Estate of Alesta Louise
Schueddig, a minor:                32,867.97

b. To the Conservator of the
Estate of Wendy Colleen
Schueddig, a minor:                32,867.98

c. To Dean Milne, as reimbursement
for his payment of bill from
Park Lawn Funeral Home:            1,268.00

(7) Report and account therefor to the court.

(c) The parties are directed to execute all necessary releases and stipulations necessary to effectuate the terms of the aforesaid settlement; and

(d) Each party shall pay its own court costs.

**IT IS SO ORDERED.**

Date: November 22, 2005                **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                  Fernando J. Gaitan, Jr.
                                       United States District Judge

8